Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 2:09-CV-140-WOB

LONNIE WAYNE MIRACLE, JR.                                               PLAINTIFF

VS.             MEMORANDUM OPINION AND ORDER

KENTUCKY DEPT. CORRECTIONS, *et al.*                                  DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 20, 2009, Lonnie Wayne Miracle, Jr., an individual incarcerated in the Boone County Jail[1] in Burlington, Kentucky, initiated the instant *pro se* civil rights action under 42 U.S.C. § 1983, complaining of a delay in having a State parole revocation hearing. The Complaint is now before the Court for screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[2] For the reasons set forth below, this matter will be dismissed.

ALLEGATIONS AND CLAIMS

On a standard Section 1983 complaint form, the Plaintiff has summarized his factual allegations and claims in two paragraphs, writing as follows:

> On July 2nd I was brought to Boone County Jail for parole violation. I should have been seen by the Kentucky Parole Board within 30 days of my return to the Boone County Jail but have yet to be seen and it is August 19th, 2009.
> . . .

---

[1] Since that time the Plaintiff has been transferred to the Casey County Detention Center, in Liberty, Kentucky.

[2] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

> The law, which is KRS # 439.440, states that any prisoner returned to prison for violation of his release shall be heard by the board within 30 days on the propriety of his re release.

Record No. 2 at 2, 4. The Court first issued a Deficiency Order regarding the filing fee and inquiring into any efforts Miracle may have made in State administrative or court proceedings to obtain the hearing before the Kentucky Parole Board.

On September 14, 2009, Miracle submitted six documents going to those efforts [Record No. 4]. The first of the Plaintiff's exhibits is a handwritten note to the Kentucky Department of Corrections ("KDOC"). It is stamped as arriving at the KDOC on July 8, 2009, and it asks "when I will see the board?" He also attaches two July letters from the KDOC, informing him that a date for his Final Parole Revocation Hearing had not yet been set. Additionally, Miracle provides July 29, 2009, and August 10, 2009, Information Request forms which he submitted to a Lt. Jones at the Boone County Jail regarding a hearing date. The Jail's responses are written on the bottom half of the form. The first of these informs Plaintiff that "[i]t could take any where from 2 to 4 months before you see the Board," and the second response is that "[t]he Parole Board meets monthly if an inmate here is eligible for parole."

Plaintiff's final exhibit to the September 14th Response is a Kentucky Parole Board form titled "Results of Final Parole Revocation Hearing." It shows, *inter alia*, that Miracle was interviewed on September 3, 2009; he waived a Preliminary Parole Revocation Hearing; and he admitted guilt at a Final Parole Revocation Hearing. It also contains the Kentucky Parole Board's finding that Miracle had violated the conditions of parole, and its revocation of his parole. Further, the form shows that he was deferred for 6 months, to a new parole eligible date in March of 2010.

Miracle has named the Kentucky Department of Corrections and the Kentucky Parole Board as the Defendants and has demanded damages "for every day I could be working for and 1,000,000.00 (one million dollars) for the stress me and my family is going through." On October 5, 2009, the Plaintiff satisfied the financial deficiency herein by fully paying the District Court filing fee.

## DISCUSSION

The instant Plaintiff's cause of action must be dismissed for several reasons. First, prior to filing in federal court, a State prisoner challenging an aspect of his sentence or the execution of his sentence is required first to exhaust his state court remedies prior to coming to federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. § 2241). Some prisoners have come to the federal courts *via* 28 U.S.C. § 2241, and these courts have consistently required, as a prerequisite thereto, the exhaustion of state court remedies. *See Irvin v. Dowd*, 359 U.S. 394, 406 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir. 1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981), *cert. denied*, 452 U.S. 964 (1981).

The other habeas statute frequently used, 28 U.S.C. § 2254, by its very terms and by equally consistent court rulings requires exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Rose v. Lundy*, 455 U.S. 509 (1982); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984); *Hewins v. Wigginton*, 860 F.2d 1079 (6th Cir. 1988) (unpublished disposition). The state's highest court must have an opportunity to review the claims. *Castillo v. Peoples*, 109 S. Ct. 1056, 1060 (1989).

The next issue is how to properly bring the matter in the Kentucky courts. According to the Plaintiff herein, the relevant Kentucky law is a statute, which provides in its entirety as follows: "Any prisoner returned to prison for violation of his release shall be heard by the board within thirty (30) days on the propriety of his rerelease." Kentucky Revised Statute ("KRS") § 439.440. At the time when Miracle filed the instant Complaint, on August 20, 2009, he claimed that the 30 day-period for holding his hearing had run. Since he was arrested for his alleged violation of parole on July 2, 2009, forty-nine (49) days had passed by August 20th and, therefore, his hearing was overdue by nineteen (19) days.

However, Miracle did not allege that he had made any effort in the State courts to enforce its own statute. The remedy for forcing the Kentucky Parole Board to take up a prisoner's case is to bring a mandamus action in State Court. *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971); *Evans v. Thomas*, 372 S.W.2d 798 (Ky. 1963), *cert. denied*, 376 U.S. 934 (1964). At the time of instituting the instant case, however, it did not appear that the Plaintiff had filed any such an action, or any other, in State court. In fact, in his later September 14th pleading, he reveals that he had only written a note, letters, and jail complaints; he did not claim even then to have instituted a State action to enforce the State statute.

The Sixth Circuit has affirmed the dismissal of an action such as this, which had been brought under 28 U.S.C. § 2241, for failure to exhaust. In *Carty v. Runda*, 966 F.2d 1451, 1992 WL 116018 (6th Cir. 1992) (unpublished disposition), the appellate court in this circuit wrote:

4

> Kentucky provides a remedy for such claims via mandamus actions. *See* Ky. Rev.Stat. § 439.440; *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971) (mandamus is the proper remedy for abuse of authority by a parole board in connection with revocation of parole). In light of [Petitioner's] available state court remedy, and the adequacy of that remedy in providing the relief requested, exhaustion would not be futile. *See, e.g., McKart v. United States*, 395 U.S. 185, 200 (1969); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982).

*Id.* at \*\* 1. The Sixth Circuit dismissed the Petition without prejudice.

The instant Plaintiff's filing in this Court, however, is not a habeas claim like Carty's. Rather, Miracle filed a civil action pursuant to 42 U.S.C. § 1983 – and has demanded damages, presumably for the time spent waiting for the KRS § 439.440 hearing. This approach has been attempted before by a Kentucky prisoner. In *Black v. Roach*, 2005 WL 2323373 (Ky. App. 2005), another prisoner's revocation hearing was held after the 30-day statutory time limit had run.

Plaintiff Black's factual pattern was interestingly different from Miracle's. Black was arrested by his parole officer on October 28, 2003, and waived his right to a preliminary parole revocation hearing. He was housed in a county facility until December 23, 2003, when he was transported to a state prison. The Parole Board convened a revocation hearing there on February 17, 2004. The Court found that 56 days had elapsed *from the time he was returned to prison* until the Parole Board's hearing. (emphasis added)

In the instant case, under the Plaintiff's own allegations and exhibits, he has not been returned to prison. Since his arrest on July 2, 2009, he has been kept in two different county facilities. Thus, it could be that the 30-day period of time has not run, or indeed, has not even begun to run, because the Kentucky statute directs, "Any prisoner *returned to prison* for violation of his release shall be heard by the board within thirty (30) days," and the instant Plaintiff has not been returned to prison.

This underscores the need for the State courts to rule on matters, particularly state law, prior to coming to federal court. Had the State addressed the instant matter beforehand, this Court would have the State court record to examine on the issue of when the 30 days begins to run. As it is, the instant record contains only the Parole Board's document entitled "Results of Final Parole Revocation Hearing," which suggests that Miracle's revocation hearing was on September 3, 2009, 14 days after Plaintiff filed the instant case and 62 days after his arrest but prior to being returned to prison.

Even if this Court assumes that the State did not comply with time limit set in the statute and thereby violated the law, the instant Plaintiff is not assisted. In the *Black* decision, the State admitted noncompliance, as the prisoner was returned to prison and there waited 56 days before the revocation hearing was held. The State argued that, since the prisoner admitted that he had violated the conditions of his parole, he had not shown any prejudice caused by the delay. The Kentucky Court of Appeals found, without elaboration, "that the Board's failure to hold the revocation hearing within thirty days was, if anything, harmless error." 2005 WL 2323373 at *1. This Court agrees.

The intermediate appellate court in Kentucky further noted that the statute provides no remedy as a result of non-compliance with the thirty-day requirement and further, found "no case in Kentucky which devises a remedy for unreasonable delay by the Board." *Id*., at *2. Rather, it concluded, the prisoner's "apparent remedy was to seek a hearing by writ of mandamus from the Board once his hearing was delayed." *Id.*

Construing a constitutional claim, the Court finds that the instant Plaintiff fares no better. Due process requires that a final revocation hearing must be held "within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972). Parole revocation

proceedings dictate only minimal due process procedures. *Id.* at 485-489. These include a preliminary revocation hearing and a final hearing, the opportunity to present witnesses and evidence, and to confront and cross-examine adverse witnesses, and a right to a written statement of the decision-maker's reasons for the decision and evidence relied on. *Id.*

The general rule is that, where the parolee has finally been afforded the revocation hearing and the facts of the violation(s) were fairly adjudicated, delay alone does not constitute a violation of due process entitling a parolee to immediate release; the delay must be unreasonable and prejudicial for a parolee to establish a legal right to habeas relief. *Goodman v. Keohane*, 663 F.2d 1044, 1046 (11th Cir.1981); *Meador v. Knowles*, 990 F.2d 503, 506 (9th Cir.1993); *Villarreal v. United States Parole Commission*, 985 F.2d 835, 837 (5th Cir.1993); *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir.1977).

Both Black and the instant Plaintiff alleged that they were harmed by the delay. Black alleged that the period of delay "was attended by great anxiety" due to an illness of his father's and the worry that he would be returned to a high security prison. Miracle has demanded damages "for the stress me and my family is going through." Yet neither petitioned to end the delay.

As parolees, both Black and Miracle were already faced with the possibility of returning to prison. The anxiety a parolee faces is not comparable to that of an unconvicted defendant in a speedy trial context. *Roberson v. Mohr*, 73 Ohio App.3d 262, 268 (Ohio App. 1991). As the instant Plaintiff, like Black, did not show that he was prejudiced by inability to defend his revocation or to present mitigation evidence due to the delay, no due process claim is stated, no harm is shown, and no damages are warranted.

The Court finds the rationale in *Black* persuasive. In this case, therefore, at the time that Miracle filed his Complaint, his remedy to end the wait for the revocation hearing was clear in the statute: he would have to file a Petition for Writ of Mandamus in Kentucky's court system. He did not. Nor has he stated a cognizable due process claim. Indeed, he has cited no factual or legal basis for a prisoner to be compensated for a time in custody which is no different from what he, as a parole violator, must serve to March of 2010 anyway.

There is another reason that the instant Plaintiff's cause of action for damages is not well taken. The two named Defendants, the Kentucky Department of Corrections and the Kentucky Parole Board, are protected by sovereign immunity. The Eleventh Amendment of the U.S. Constitution bars suits in federal courts by private parties seeking damages that would be paid from the state treasury. *Quern v. Jordan,* 440 U.S. 332, 337 (1979). Unless the state consents to be sued, a suit where the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).

This immunity extends to state agencies and their officials when the "agency or institution can be characterized as an arm or alter ego of the state, or [when] it should be treated instead as a political subdivision of the state." *Hutsell v. Sayre,* 5 F.3d 996, 999 (6th Cir.1993); *Hall v. Med. Coll. of Ohio at Toledo,* 742 F.2d 299, 301 (6th Cir.1984) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977)).

In Kentucky, the Court of Appeals has noted that "there is neither a Kentucky case nor a United States Supreme Court case that has expressly extended absolute immunity to parole board and members thereof." *Belcher v. Kentucky Parole Board*, 917 S.W.2d 584, 588-89 (Ky. App. 1996). Nonetheless, the appellate court found immunity appropriate for parole board officials

because they perform functionally comparable tasks to judges when they engage in the parole decision process. These officials perform tasks so integral with the judicial process that they are figuratively an extension of the arm of the judge. *Id*. at 589.

Furthermore, the Supreme Court has decided that neither a state nor its agencies are "persons" susceptible to being sued under Section 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Quern,* 440 U.S. at 339-42; *see also Cowan v. Univ. of Louisville Sch. of Med.,* 900 F.2d 936, 940-41 (6th Cir.1990). This Court has long recognized this doctrine and repeatedly dismissed those Defendants who are entitled to sovereign immunity protection. Most recently, *see Warick v. Kentucky Justice and Public Safety Cabinet*, 2008 WL 4443056 (E.D.Ky. 2008) (not reported).

## CONCLUSION

Accordingly, the Court being advised,

**IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 15th day of October, 2009.



Signed By:
*William O. Bertelsman*
United States District Judge